IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ROBIN RUSSELL GILLISPIE, | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | Case No. 2:16-CV-00019-RSP |
| | § | |
| v. | § | |
| | § | |
| OTIS LEE WHITE, CAPITAL INVESTING, INC D/B/A C.I. TRANSPORTATION SERVICES, | § § § | |
| | § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

This is a personal injury case in which Robin Gillispie alleges that Otis White was negligent in driving his tractor-trailer rig when it collided with the side of Gillispie's vehicle as she attempted to turn around from southbound shoulder of the highway into the northbound lanes of a four-lane highway. Before the Court is Defendants' Motion for Partial Summary Judgment on Plaintiff's Gross Negligence Claim (Dkt. No. 35). The motion is GRANTED for the following reasons.

## BACKGROUND

Robin Gillispie was travelling southbound in the right-hand lane on U.S. Highway 259, a four-lane highway in Morris County, Texas, when she realized she had left her cell phone at home. Gillispie Dep. 43:3-8, Dkt. No. 39-2; Compl. ¶ 3, Dkt. No. 1. Gillispie pulled her vehicle onto the right-hand shoulder of the road and stopped. Dkt. No. 39-2 at 43:3-8. Intent on turning around to get her phone, Gillispie proceeded left back onto the highway and crossed the two southbound lanes in an attempt to reach the northbound lanes and return home. Dkt. No. 39-2 at 43:3-8, 43:15-22.

Otis White was driving his tractor-trailer rig southbound in the right-hand lane of Highway 259 when he noticed Gillispie stopped on the shoulder of the road. White Dep. 33:11-19, Dkt. No. 39-3. White moved his truck into the left-hand lane, which according to White was his normal practice when passing vehicles stopped on the shoulder of the road. *Id.* 33:3-5. Apparently not noticing White approaching behind her, Gillispie proceeded across the southbound lanes, and White's truck collided with the side of Gillispie's vehicle. Dkt. No. 39-2 at 43:24-25; Dkt. No. 39-3 at 35:13-16.

## DISCUSSION

Defendants move for partial summary judgment, contending that Gillispie failed to identify evidence that White was grossly negligent. Gillispie has not responded to the motion, and the time for doing so expired on April 14, 2017. *See* Local Rule 7(e) ("A party opposing a motion has fourteen days from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision.").

Summary judgment must be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012). The moving party must identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a party has made that showing, the non-moving party bears the burden of establishing otherwise. *Geiserman v.*

*MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (citing *Celotex*, 477 U.S. at 323). The non-moving party cannot "rest upon mere allegations or denials" in the pleadings, but "must set forth specific facts showing there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248. Thus, summary judgment "is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 322).

The Court concludes that the Rule 56 standard has been met as to Gillispie's claim for gross negligence. Gross negligence under Texas law requires two elements: "(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *Louisiana-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999). In response to Defendants' motion for summary judgment, Gillispie failed to come forward with evidence that would allow a reasonable juror to conclude that either of the gross negligence elements have been met.

Moreover, the record evidence suggests that gross negligence could not be established. White testified that he moved into the left lane to avoid passing Gillispie on the shoulder of the road in the right-hand lane. Dkt. No. 39-3 at 32:22-25. Before Gillispie pulled over to the shoulder of the highway, White testified that he was two to three truck lengths behind Gillispie. *Id.* at 18-15. In light of this testimony, a reasonable juror could not conclude that White's driving in the seconds leading up to the collision or that White's decision to move further left to avoid collision involved "an extreme degree of risk." *Louisiana-Pac.*, 19 S.W.3d at 246. Nor could a reasonable juror conclude that White had a "subjective awareness of the risk" because, as White testified, he

3

could not have known that Gillispie had pulled to the shoulder of the highway to turn around into the northbound lanes. *Id.*; *see, e.g.*, Dkt. No. 39-3 at 35:8-23.

## CONCLUSION

For these reasons, Defendants' motion for partial summary judgment (Dkt. No. 35) as to Gillispie's gross negligence claim is GRANTED.

**SIGNED this 4th day of May, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE