# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROBIN RUSSELL GILLISPIE, | § |
| *Plaintiff*, | § Case No. 2:16-CV-00019-RSP |
| v. | § |
| OTIS LEE WHITE, CAPITAL INVESTING, INC D/B/A C.I. TRANSPORTATION SERVICES, | § |
| *Defendants*. | § |

## MEMORANDUM OPINION AND ORDER

This is a personal injury case in which Robin Gillispie alleges that Otis White was negligent in driving his tractor-trailer rig when it collided with the side of Gillispie's vehicle as she attempted to turn around from southbound shoulder of the highway into the northbound lanes of a four-lane highway. Before the Court is <u>Plaintiff's Motion to Exclude Expert Testimony of Danny Phillips and Raymond Haley (Dkt. No. 36)</u>. The motion is DENIED for the following reasons.

## BACKGROUND

Robin Gillispie was travelling southbound in the right-hand lane on U.S. Highway 259, a four-lane highway in Morris County, Texas, when she realized she had left her cell phone at home. Gillispie Dep. 43:3-8, Dkt. No. 39-2; Compl. ¶ 3, Dkt. No. 1. Gillispie pulled her vehicle onto the right-hand shoulder of the road and stopped. Dkt. No. 39-2 at 43:3-8. Intent on turning around to get her phone, Gillispie proceeded left back onto the highway and crossed the two southbound lanes in an attempt to reach the northbound lanes and return home. Dkt. No. 39-2 at 43:3-8, 43:15-22.

1

Otis White was driving his tractor-trailer rig southbound in the right-hand lane of Highway 259 when he noticed Gillispie stopped on the shoulder of the road. White Dep. 33:11-19, Dkt. No. 39-3. White moved his truck into the left-hand lane, which according to White was his normal practice when passing vehicles stopped on the shoulder of the road. *Id.* 33:3-5. Apparently not noticing White approaching behind her, Gillispie proceeded across the southbound lanes, and White's truck collided with the side of Gillispie's vehicle. Dkt. No. 39-2 at 43:24-25; Dkt. No. 39-3 at 35:13-16.

State Trooper Raymond Haley arrived shortly after the collision and testified that he saw White's truck sitting across both the north and southbound lanes of Highway 259. Haley Dep. At 19:14-18, Dkt. No. 39-4. Haley testified that White "did everything he could. He even went into the oncoming traffic lanes to try to avoid making contact with this driver." *Id.* 24:7-10. After investigating the collision, Haley cited Gillispie for turning when unsafe. *Id.* 25:5-8. White intends to call Haley to testify at trial as to both the facts and his opinions regarding the collision.

In addition to Trooper Haley, White intends to offer the expert testimony of Daniel Phillips. *See* Phillips Rep., Dkt. No. 39-5. Phillips explains in his expert report that "Mr. White's decision to steer left in response to the vehicle to his right moving toward him was typical and normal. It warrants no criticism." *Id.* at 10. Phillips bases his conclusion on a phenomenon known as "difference reduction," which put simply means that humans typically move away from an imminent impact. *Id.* at 8.

## DISCUSSION

Gillispie moves to exclude the expert testimony of Haley and Phillips under Federal Rule of Evidence 702(b), (c), and (d). *See* Dkt. No. 36 at 1. When a party challenges an opponent's expert witness, the Court assumes the role of a gatekeeper to ensure that the witness's testimony

2

is admissible. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149–50 (1999) (applying the *Daubert* inquiry to non-scientific testimony). Federal Rule of Evidence 702 guides the Court through this inquiry. Rule 702 specifies, first, that the witness must be "qualified as an expert by knowledge, skill, experience, training or education." Fed. R. Evid. 702. If so qualified, the witness may testify in the form of an opinion provided, first, that his testimony is relevant, meaning that it will aid the jury, and second, that it is reliable, meaning it is grounded in sufficient data, reliable methods, and the facts of the case. Fed. R. Evid. 702(a)–(d).

Gillispie insists that Haley and Phillips' testimony runs afoul of Rule 702 because the opinions are not based on sufficient facts or data and not the product of reliable principles or methods. Dkt. No. 36 at 1-3. The Court does not agree.

Gillispie does not dispute that both witnesses are qualified to testify as experts. The only dispute is whether the experts rely on sufficient facts and methods. As to the underlying facts, Haley observed the scene of the collision and the position of the vehicles, and interviewed Gillispie shortly after the accident. Dkt. No. 39-4 at 24:14-20. Similarly, Phillips did a thorough investigation, personally visited the scene of the collision, reviewed photographs of the vehicles at rest after the collision, and inspected Gillispie's damaged vehicle. *See* Dkt. No. 39-5. As to the experts' methodology, Haley's opinion is based on his experience investigating highway collisions and enforcing federal regulations with the interstate carriers. Dkt. No. 39-4 at 7:8-15; 8:25-9:24. Gillispie insists that Haley was required to complete a thorough collision investigation, but given the nature of the accident, Haley's observation of the scene shortly after the collision and his interview with Gillispie are more than adequate under Rule 702. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of

3

proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

Similarly, Gillispie's concern with Phillips' testimony is not sufficient to exclude the testimony under Rule 702. Gillispie contends that "Mr. Phillips' statement [regarding White's decision to move to the left] contradicts his opinion, and the study upon which he basis his opinion states that 'steering choice was strongly influenced by the direction from which the hazard emerged.'" Dkt. No. 36 at 1. According to Gillispie, "Mr. White should have steered left to right in order for Mr. Phillips' statement to be consistent with the study upon which he relies." *Id.* at 2. Phillips' opinion, however, is based on the reasonable assumption that White believed Gillispie's vehicle would remain on the shoulder of the road as he passed. *See* Dkt. No. 39-5. This is why, according to White's testimony, White moved his vehicle into the left lane in the first place. Dkt. No. 39-3 at 33:3-5.

Moreover, Phillips opines that when White saw Gillispie returning into the southbound lanes, he responded as anyone would by moving farther to the left to avoid collision. Dkt. No. 39-5. Phillips' opinion is based on the reasonable assumption that White believed Gillispie was attempting to return to the southbound lanes to continue traveling *southbound*—as opposed to crossing a four-lane highway to turn northbound. If the more prudent course of action for White would have been to *turn right*, Gillispie may offer evidence to support that claim.

## CONCLUSION

For these reasons, Gillispie's motion to exclude the opinions of Phillips and Haley (Dkt. No. 36) is DENIED.

SIGNED this 4th day of May, 2017.

*[signature: Roy S. Payne]*

4 ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE